**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RAY FARMER,<br>*Plaintiff,*<br>v.<br>JAN BUCKNER WALKER,<br>*Defendant.* | Civil Case No. 26-1710 (RDM) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ray Farmer, a Maryland resident, brings this action against Jan Buckner Walker,[1] an Illinois resident, alleging defamation and other common law tort claims. Plaintiff alleges that Walker, who is his sister-in-law, "masqueraded as a 'male collect student,' and sent a defamatory email to [his] employer, the 'Chronicle of Higher Education[,]' [which is] located in Washington[,] DC." Dkt. 1 at 1 (Compl.) According to Plaintiff this email was sent "to defame [him], to hurt his professional standing, and to interfere in his employment contract, so that the Chronicle would terminate [him]." *Id.* at 5 (Compl. ¶ 27).

Walker now moves to dismiss the complaint for lack of personal jurisdiction in the District of Columbia. Dkt. 9. Farmer opposes that motion but, in the alternative, requests that the Court transfer the action to the Northern District of Illinois if it concludes that the Court lacks personal jurisdiction over Walker. Dkt. 10 at 9–11. Farmer also requests leave to file a short sur-reply, which simply reiterates his contention that this Court has personal jurisdiction over

[1] Defendant explains that her legal name is "Jan Buckner" but that the Complaint has identified her as "Jan Buckner Walker." Dkt. 9 at 1 n.1. "To avoid confusion," Defendant writes, "Ms. Buckner is referred to as 'Ms. Walker' in this Motion." *Id.* For similar reasons, the Court refers to Defendant as Jan Buckner Walker or simply Walker.

Walker and that, if the Court disagrees, the Court should transfer the case. Dkt. 12. For the reasons explained below, the Court concludes that it lacks personal jurisdiction but, rather than dismissing the action, the Court should transfer the action to the Northern District of Illinois, where personal jurisdiction is undisputed. The Court will deny Farmer's motion for leave to file a sur-reply on the ground that it fails to raise any argument that Farmer could not have raised in his opposition brief.

**A.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a basis for exercising personal jurisdiction over each defendant. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). To do so, the plaintiff must "make a prima facie showing of the pertinent jurisdictional facts," *First Chi. Int'l v. United Exch. Co., Ltd.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988), meaning that the plaintiff must "allege specific acts connecting [each] defendant with the forum," *Clay v. Blue Hackle N. Am., LLC*, 907 F. Supp. 2d 85, 87 (D.D.C. 2012) (citation modified). "Mere conclusions or 'bare allegation[s]'" of jurisdiction are insufficient. *Fawzi v. Al Jazeera Media Network*, 273 F. Supp. 3d 182, 186 (D.D.C. 2017) (alteration in original) (citation omitted). When evaluating whether the plaintiff has met its burden, the Court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Clay*, 907 F. Supp. 2d at 87 (citation modified). The Court must "satisfy itself that it has jurisdiction to hear the suit," and "may look beyond the allegations of the complaint" to do so. *Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 173 (D.D.C. 2016).

Farmer has failed to meet his burden of alleging or otherwise establishing facts sufficient to support this Court's jurisdiction over Walker. There is no dispute that Walker resides in

Illinois, and not in the District of Columbia. Farmer's complaint lists an Illinois address for Walker, and it refers to her as "an attorney with an inactive practice in Illinois," Dkt. 1 at 1, and "an attorney licensed in the state of Illinois," *id.* at 2. Nor does the complaint allege any facts even suggesting the Walker lives, works, or does business in the District of Columbia.

Removing any doubt on this question, Walker has proffered a declaration in support of her motion to dismiss in which she attests, under the penalty of perjury, that she is domiciled in Illinois, that she has lived there since 1990, and that she does not live, work, or own or lease property in the District of Columbia. Dkt. 9-1 at 1–2. Plaintiff does not dispute, much less controvert, any of these facts in his opposition, *see* Dkt. 10, or proposed surreply, *see* Dkt. 12-1. The Court, accordingly, starts from the premise that Walker does not reside in the District of Columbia.

In assessing whether it may exercise jurisdiction under these circumstances, the Court must follow the usual two-step process that applies to common law claims brought in this jurisdiction: it "must first decide whether statutory jurisdiction exists under the District's long-arm statute and, if it does, then . . . must determine whether an exercise of jurisdiction would comport with constitutional limitations." *Forras v. Rauf*, 812 F.3d 1102, 1105–06 (D.C. Cir. 2016); *see also Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."); Fed. R. Civ. P. 4(k)(1)(A) (tying the exercise of personal jurisdiction by federal courts to the "jurisdiction of a court of general jurisdiction in the state where the district court is located"). As relevant here, D.C. law specifies that courts may exercise personal jurisdiction:

> over a person, who acts directly or by an agent, as to a claim for relief arising from the person's —
>
> . . . .

> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

D.C. Code § 13-423(a).

Farmer does not allege or proffer any facts even suggesting that Walker caused tortious injury "by an act or omission in the District of Columbia." As Walker observes, the complaint merely alleges that she "sent the email in question from [her] home in Illinois," Dkt. 9-1 at 2, and Farmer nowhere contests that characterization, *see generally* Dkt. 1; Dkt. 10; Dkt. 12-1. Writing an email in Illinois and then sending that email to someone in the District of Columbia does not qualify as conduct "*in* the District." *See Media Matters of Am. v. Paxton*, 732 F. Supp. 3d 1, 22 (D.D.C. 2024); *Groop Internet Platform Inc. v. Psychotherapy Action Network*, 2020 WL 353861, at *7 (D.D.C. Jan. 21, 2020); *see also Moncrief v. Lexington Herald-Leader Co.*, 807 F.2d 217, 219–21 (D.C. Cir. 1986) (act of defamation occurs in the jurisdiction where the defamatory statement is uttered, even if the tort is consummated and the injury takes place in the District of Columbia). As a result, the exercise of personal jurisdiction is not authorized by § 13–423(a)(3), which applies only if the "tortious injury" was caused by an "act or omission in the District of Columbia."

That leaves § 13-423(a)(4), but Farmer has failed to allege or proffer facts necessary to satisfy that provision as well. He has not alleged that Walker "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a)(4). In her declaration, Walker attests that she does not live, work, or own or lease property in the

District of Columbia. Dkt. 9-1 at 1–2. She explains that she has earned fewer than $100 in royalties from sales within the District of Columbia of the book that she published in 2025. *Id.* at 2. She has “not earned any other revenue from sales in or from the District of Columbia or services provided in the District” in the last 15 years, does not regularly conduct or solicit business in the District, and does not otherwise “engage in any other persistent course of conduct in the District.” *Id.* Plaintiff nowhere contests any of these factual assertions. *See* Dkt. 1; Dkt. 10; Dkt. 12-1. The Court therefore concludes that Walker is not subject to personal jurisdiction in connection with Farmer’s claims under D.C. law.

In opposition to the motion to dismiss, Farmer contends that the exercise of jurisdiction is nonetheless appropriate because it is consistent with the “effects test” adopted by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). Dkt. 10 at 5–9. But by focusing on the constitutional inquiry when the statutory threshold for long-arm jurisdiction is unmet, Farmer puts the cart before the horse. As explained above, the Court must *first* assess whether personal jurisdiction is proper with respect to non-residents under the District’s long-arm statute, and only where that statutory threshold is met is the Court required to consider whether “an exercise of jurisdiction would comport with constitutional limitations.” *Forras*, 812 F.3d 1102, 1105–06 (D.C. Cir. 2016); *see also* Fed. R. Civ. P. 4(k)(1)(A). Here, the inquiry does not reach the second step because the statutory threshold has not been satisfied.

**B.**

As Farmer notes, when a court “finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed.” 28 U.S.C. § 1631; *see* Dkt. 10 at 9–11. The Court concludes that it is in the interest of justice to transfer

the action to the Northern District of Illinois, where Walker resides and is subject to general jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also* 28 U.S.C. § 1391 (venue is appropriate in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"). Beyond the jurisdictional difficulties addressed above, Farmer's complaint raises a substantial controversy that merits judicial resolution in an appropriate forum.

**C.**

Finally, the Court will deny Farmer's motion for leave to file a sur-reply. His proposed sur-reply does not raise any arguments that he could not have raised in his opposition brief, and, indeed, most of his proposed sur-reply merely repeats arguments that he did make.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss for lack of personal jurisdiction, Dkt. 9, is hereby **GRANTED** in part and **DENIED** in part**.** The Court concludes that it lacks personal jurisdiction over Defendant but that transfer, rather than dismissal, is the appropriate remedy. The Court, accordingly, hereby **ORDERS** that this action be **TRANSFERRED** to the United States District Court for the Northern District of Illinois. Plaintiff's motion for leave to file a sur-reply, Dkt. 12, is **DENIED.**

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 22, 2026